# CIRCUIT COURT OF BALTIMORE CITY.

---

Filed August 4, 1903.

---

MARY E. WHITELEY ET AL.

VS.

ISAAC BROOKS, JR., TRUSTEE.

---

*Charles J. Bonaparte* for W. Hall Harris, trustee, et al., petitioning judgment creditor.

*Joseph C. Mullin, Michael A. Mullin* and *Wm. Pinkney Whyte* for Mr. and Mrs. Whiteley and Isaac Brooks, Jr., trustee, respondents.

■■■■■■

■■■■■■

DOBLER, J.—

John Brooks devised and bequeathed a portion of his estate to Isaac Brooks, Jr., in trust for one of his daughters, the wife of the late R. Stockett Mathews, during her life, and at her death the principal was to go to her descendants, if any. Mrs. Mathews died March 1st, 1903, leaving a daughter, Mrs. Mary E. Whiteley, her only child, who, with her husband, Seth H. Whiteley, files this bill against the trustee for a discovery of the constituents of the trust estate, and praying that the trustee be authorized and directed to transfer the same to the said Mrs. Mary E. Whiteley, the present absolute owner thereof. The trustee, along with his answer admitting the allegations of the bill, filed a schedule of the estate, consisting of real and leasehold property in the City of Baltimore, and personal securities and cash, and assented to the prayer of the bill. A decree was about to be passed, when on the 27th day of March, 1903, W. Hall Harris and Lennox Birckhead, assignees and trustees of the estate of Thomas J. Wilson, deceased, holding valid existing judgments in large amounts against Seth H. Whiteley, husband of the devisee and legatee in remainder under the will of John Brooks, filed their petition in this cause asserting that the said Seth H. Whiteley, under the provisions of Article 45, Section 7 of the Code of Public General Laws, Title Husband and Wife, as re-enacted by Chapter 457 of the Laws of 1898, has vested in him an estate for life in one-third of all lands held or owned by his wife, the plaintiff, Mary E. Whiteley, at any time during their marriage, whether the same be held by legal or equitable title, and that therefore, such estate for life is now vested in the said Seth H. Whiteley in and to one-third of all the real property mentioned in these proceedings, and which would or might be affected by any decree passed therein. The petition also alleges that there are vested in the said Mary E. Whiteley reversionary interests in other lands passing under the will of her said grandfather, and wherein the said Seth H. Whiteley, by virtue of his marriage, and under the provisions of the statute above mentioned, has acquired the partial interest and estate in the said 7th Section of said Article 45, above specified, upon which said partial interest and estate the said judgments of the petitioners have become liens. The petitioners claim that they are necessary and proper parties to the present cause, and entitled to have their rights protected by the provisions of any decree to be passed therein, and they ask that all the parties to the cause, as well plaintiffs and defendants, be required to answer this petition, and that the petitioners be made parties defendant to this cause, and as such to answer the bill of complaint, and that no action whatever be taken whereby the rights of the petitioners may be in anywise endangered until the full and final determination of all questions necessary to be determined in connection with the consideration of their said petition, and they ask for general relief. An order nisi was signed requiring the plaintiffs and defendants to show cause why the relief in said petition prayed should not be granted, and the order of reference to the Master, heretofore passed, was rescinded, and the papers were recalled from the Master until the further order of the Court in the premises. The plaintffs, in answer to said petition, deny that as matter of law, the said Seth H. Whiteley, by virtue of his marriage with said Mary E. Whiteley, has vested in him an estate for his life in one-third of all lands owned by his wife, and moreover exhibit and antenuptial agreement in writing, dated January 1st, 1881, between the said Seth H. Whiteley, Mary E. Whiteley (then Mathews), and R. Stockett Mathews, and insist that any portions of the estate of John Brooks other than those to the possession of which said Mary E. Whiteley became entitled on the death of her mother, Rachel H. Mathews, cannot be made the subject of adjudication in this cause, and they deny that the petitioners are either necessary or proper parties to the cause, and invoke the protection of the 43rd Section of the 3rd Article of the Constitution of the State for the separate estate of said Mary E. Whiteley. The trustee answered the petition in part so as to show that there had

been no conversion of real estate into personalty so far as the share devised to him in trust for Rachel H. Mathews is concerned, and demurred to the rest of the petition.

So far as the real estate mentioned in these proceedings is concerned the prayer of the bill and the language of the decree about to be passed contemplated simply a delivery of possession, the title thereto being derived directly from the will of John Brooks, who died in 1866. Upon his death his granddaughter, Mary E. Mathews, as the only child of her mother, Rachel H. Mathews, had a vested remainder in all the lands devised in trust for the benefit of her mother for life. She has had ever since then, and had at the time of her marriage in 1881, a present fixed right of the future enjoyment of that property. This estate belonged to her as a vested right. The Constitution of the State and the law as enacted at the time of her marriage, and as now in force, provides that the real and personal property belonging to a woman at the time of her marriage, shall be protected from the debts of her husband and not in any way be liable for the payment thereof. In 1881, Section 2 of Article 45, declared that such property thus owned by a married woman she shall hold for her separate use, with power of devising the same as fully as if she were a feme sole; or she may convey the same by a joint deed with her husband; provided, that if she die intestate and leaving children her husband shall have a life estate in her property, real and personal, but if she die intestate leaving no children, her husband shall have a life estate in her real property, and her personal property shall vest in him absolutely. Leaving out of view altogether the ante-nuptial agreement exhibited in this case, it is clear that upon his marriage on January 4th, 1881, Seth H. Whiteley acquired no vested estate in his wife's statutory separate property, although in case of her dying intestate he would have a life estate in her real property, and she by her marriage lost none of her estate therein, notwithstanding her ability to dispose of the same, except by will, was curtailed so that it required the joinder of her husband to convey any portion of it, and from the 4th day of January, 1881, until the 1st day of January, 1899,

there was no change in the ownership of Mrs. Whiteley's separate statutory property. In the interval no judgment creditors of her husband had any lien or claim at law or in equity of any kind against any portion of it. Neither did Mrs. Whiteley in any wise assent to any diminution of her estate or transfer any portion thereof to her husband, or to his creditors. It is, however, contended on the part of the petitioners, that on and after the 1st day of January, 1899, by virtue of the re-enacted Article 45 of the Code of Public General Laws, a portion of Mrs. Whiteley's real estate which she acquired under her grandfather's will has been appropriated for the use of her husband, and incidentally, after her death, for the benefit of his creditors. An examination of the first section of the new Article 45 will show no disposition to encroach upon the rights of married women, nor to evade the requirement of the Constitution with respect to the protection of their property from the debts of their husbands. The fourth section declares that married women shall hold all their property of every description for their separate use, as fully as if they were unmarried, and shall have all the power to dispose of by deed, mortgage, lease, will or other instrument that husbands have to dispose of their property, and no more. Section 7 is as follows: Every husband shall acquire by virtue of his marriage an estate for his life in one-third of the lands held or owned by his wife at any time during the marriage, whether by legal or equitable title, or whether held by her at the time of her death or not, but such estate shall not operate to the prejudice of any claim for the purchase money of such lands, or other lien on the same; nor shall any conveyance of such lands by the wife alone bar such estate of the husband therein. Section 12: Any married woman may, at whatever age she may be, relinquish her dower in any real estate by the joint deed of herself and husband, or by her separate deed, and in like manner any husband may relinquish his interest in the real estate of his wife by joint or separate deed. The seventh section must be construed in connection with the rest of the article which secures to married women in ample measure the right to hold and dispose of their property. The tone of the seventh section is discordant unless we

are to construe its terms as applicable only to property acquired by married women after the 1st day of January, 1899, or to the property of women who married, or shall marry, after that date. To declare one person entitled to an estate in the property of another, simply by legislative enactment, without the assent of the latter, without any new consideration or compensation, and without legal process, is repugnant to all our ideas of property rights. It can make no difference in principle whether the parties concerned are husband and wife, or partners in trade, or fellow-citizens of the commonwealth. Neither does the character or quantity of the estate carved out and appropriated affect the question of confiscation. Courts will not impute to the Legislature an intention to deprive any one of his property without due process of law, and, therefore, we cannot give to Section 7 of the new Article 45 a retrospective operation. Title to the real estate mentioned in this case was acquired by Mrs. Whiteley prior to her marriage in 1881, long before the enactment of the 7th Section of the new Article 45. It was her separate property after her marriage. By their marriage her husband acquired no vested estate therein, nor has he acquired any estate therein by virtue of the said 7th Section. There is, therefore, no estate of his therein upon which the lien of the petitioners' judgments can attach. The petition of J. Hall Harris and Lennox Birckhead, trustees, must be dismissed.